KATHERINE I. HARTLEY (Bar No.11837)
PACIFIC JUSTICE INSTITUTE
P.O. BOX 2131
COEUR D'ALENE, IDAHO 83816
P: 858-945-6924
khartley@pji.org

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

(Northern Division)

| | |
|---|---|
| DAKOTA MAILLOUX,<br><br>    Plaintiff,<br><br>v.<br><br>KELLOGG JOINT SCHOOL DISTRICT, an Idaho public school district; LANCE PEARSON, in both his individual and official capacity as Superintendent of the Kellogg Joint School District; CORY NORTH, in both his individual and official capacity as Transportation Director of the Kellogg Joint School District;<br><br>    Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT**<br>  **[42 U.S.C. § 1983]**<br><br>[Demand for Jury Trial] |

Plaintiff Dakota Mailloux (hereafter "Mr. Mailloux"), by and through his undersigned counsel, alleges as follows:

### OVERVIEW

1.      This is an action for declaratory, equitable, and monetary relief against an Idaho school district.  It is brought under 42 U.S.C. § 1983 and the United States Constitution.

2.      In response to Mr. Mailloux's attendance of an organized protest to support a Kellogg Joint School District student being disciplined for stating there are only two genders, Defendants Kellogg Joint School District (hereafter "the District"), Superintendent Lance Pearson (hereafter "Mr.

Pearson"), and Transportation Director Cory North (hereafter "Mr. North") fired him.

3.      Mr. Mailloux attended this protest on his private time as a private concerned citizen.  Mr. Mailloux did not identify his employer, job function, job title, job duties, or the fact or nature of his employment while he attended the protest.

4.      The protest addressed hotly contested issues of public concern, including the personal opinions and beliefs of students regarding human sexuality and gender.

5.      Mr. Mailloux brings this suit to protect his constitutional rights.

6.      Mr. Mailloux now sues under 42 U.S.C. § 1983 for the District's deprivation under color of State law of Mr. Mailloux's rights secured by the U.S. Constitution. Mr. Mailloux respectfully asks the Court to grant the equitable and legal relief set forth in the Prayer for Relief.

**PARTIES**

7.      At all times relevant herein, Mr. Mailloux was a U.S. citizen and resident of the United States and Shoshone County, Idaho. Mr. Mailloux currently resides in Shoshone County, Idaho. At all times relevant herein, Mr. Mailloux was a bus driver for the Kellogg Joint School District.

8.      Defendant Kellogg Joint School District is an Idaho school district in Shoshone County, which is declared to be a body corporate and politic, and in its corporate capacity may sue and be sued and may acquire, hold and convey real and personal property (Idaho Code § 33-301).

9.      The District is primarily locally funded and locally controlled by elected school board members who represent the individual community where the District is located.

10.     Defendant Mr. Pearson is an individual.  Upon information and belief, Mr. Pearson resides in Shoshone County, Idaho.

11.     Mr. Pearson is the Superintendent of the District and initiated the termination of Mr. Mailloux's employment.

12.     This action is brought against Mr. Pearson in both his individual and official capacity.

13.     Defendant Mr. North is an individual.  Upon information and belief, Mr. North resides in Shoshone County.

14.     Mr. North is the Transportation Director of the District and was involved in the termination of Mr. Mailloux.

## JURISDICTION AND VENUE

15.     The District is located within this judicial district and division. All of the events and omissions giving rise to the claims alleged herein occurred in this judicial district and division. Therefore, this Court has personal jurisdiction over the District.

16.     Furthermore, venue is proper in this Court and in this division under 28 U.S.C. § 1391(b).

17.     This Court has federal question jurisdiction over Mr. Mailloux's claims under 28 U.S.C. §§ 1331, 1343(a)(3).

18.   This Court has the authority to grant the requested declaratory relief under 28 U.S.C. §§ 2201 and 2202.

19.     This Court has the authority to grant the requested damages pursuant to 28 U.S.C. § 1343.

20.     This Court has the authority to award attorneys' fees under 42 U.S.C. § 1988.

## GENERAL ALLEGATIONS

21.     From November 8, 2020, through June 1, 2023, Mr. Mailloux worked as a bus driver for the District.

22.     Mr. Mailloux safely and effectively performed his job.

23.     Mr. Mailloux was not in a policymaking position.

24.     As a bus driver, Mr. Mailloux's immediate supervisor was Cory North.

25.     Mr. Mailloux did not have a close working relationship with the Superintendent or members of the school board.

26.     Mr. Mailloux's position was not one in which political loyalty to the superintendent and members of the school board were essential to his proper functioning as a bus driver.

27.     On May 30, 2023, a student within the District made a comment during a school assembly that "guys are guys and girls are girls, there is no in-between."

28.     The District immediately disciplined the student for this speech.  The student was suspended and not allowed to participate in his high school graduation.

29.     On May 31, 2023, Mr. Mailloux became concerned about the District's decision to discipline this student so harshly for his speech.

30.     The District's decision to discipline this student for his speech was captured by numerous local media outlets.

31.     On June 1, 2023, a peaceful protest was planned to express frustration with the District's decision to punish a student for his speech on a matter of public concern.

32.     Parents, grandparents, local politicians, and members of the community attended this protest.

33.     As a concerned member of the local community, Mr. Mailloux attended this protest.

34.     While at the protest, Mr. Mailloux received a phone call from his supervisor, Mr. North.

35.     Mr. North instructed Mr. Mailloux to immediately meet him in his office.  Mr. Mailloux complied.

36.     When Mr. Mailloux arrived at Mr. North's office, Mr. North fired Mr. Mailloux.

37.     Mr. North stated he was instructed by the superintendent to fire Mr. Mailloux immediately.

38.      Mr. North went on to say Mr. Mailloux was on school property protesting something that he had "no business" being involved in.

39.     It was further communicated to Mr. Mailloux that because he was an at-will employee, he could be fired for attending the protest.

40.     At no point in time did any school official or law enforcement officer approach Mr. Mailloux or any other protesters to state they were trespassing on District property.

41.     Mr. Mailloux was not paid to attend the protest.

42.   By attending the protest, Mr. Mailloux expressed his personal opposition to prohibiting student expression on an issue of public concern.

43.   Mr. Mailloux's attendance of the protest reflects differences between Mr. Mailloux and the school administration as to the preferable manner of operating District schools.

44.   Mr. Mailloux did not organize the protest.

45.     The topic of human sexuality and what constitutes one's gender has been, and continues to be, a topic of great public concern in our society and in the state of Idaho.

46.     The topic of what constitutes free speech in the school context is also a topic of great public concern.

47.     Mr. Mailloux attended the protest on his own time (not during work hours) and as a private citizen.

48.     On information and belief, the school board ratified Pearson's decision to fire Mr. Mailloux.

49.     Since his termination, Mr. Mailloux has suffered financial loss from his loss of employment with the District, as well as reputational harm the Defendants have caused him.

**FIRST CLAIM FOR RELIEF**
**Violation of Mr. Mailloux's Free Speech Rights**
**in Violation of 42 U.S.C. § 1983**
**(Against All Defendants)**

50.     Mr. Mailloux refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

51.     The District acted under color of state law when it took the adverse employment action against Mr. Mailloux.

52.     The First Amendment provides, "Congress shall make no law . . . abridging the freedom of speech . . ." U.S. Const. amend. I.

53.     For more than 80 years, the First Amendment has been interpreted by the U.S. Supreme Court to apply to the states and their political subdivisions via the Fourteenth Amendment.

54.     The District could not punish Mr. Mailloux for exercising his First Amendment rights. The fact that Mr. Mailloux was a public employee does not change this.

55.     The public interest in having free and unhindered debate on matters of public importance is a core value of the First Amendment.

56.     Mr. Mailloux was fired for attending a peaceful protest, which represented his own opinion on the District's decision to punish a student for expressing his opinions on human sexuality.

57.     Attending this protest was not within the scope of Mr. Mailloux's official duties as a bus driver. He attended the protest after work hours, and did not identify himself as a District employee.

58.     Mr. Mailloux's speech, as an expression of public issues, rests on the highest rung of the hierarchy of First Amendment values. Thus, his interest in speaking was substantial.

59.      Mr. Mailloux was not engaged in any harassing or discriminatory behavior.

60.     Furthermore, his comments did not directly inhibit his own job. He drove a bus. He was not a contact person for the District. His speech was not directed at a superior to which he owed personal loyalty and confidence.

61.     No reasonable person could mistake Mr. Mailloux's speech for the District's speech. There is no reason to conclude that Mr. Mailloux's speech contradicted or somehow directly inhibited his own job.

62.     The concern expressed by Mr. North that Mr. Mailloux was on District property cannot justify the District's actions.  Mr. Mailloux was never accused of trespassing.

63.     Mr. Mailloux's actions by simply showing up to a protest did not disrupt the normal functioning of the District.

64.     For the reasons above, the District cannot satisfy its burden of proving that its efficiency interest outweighed Mr. Mailloux's free speech interest in attending a peaceful protest.

65.     Firing Mr. Mailloux was an adverse employment action. Importantly, it would deter any reasonable person from continuing to exercise his or her right to free speech.

66.     The threat of dismissal from public employment is a potent means of inhibiting speech.

67.     The attendance of the protest was a substantial or motivating factor for the termination of Mr. Mailloux.

68.     The District would not have fired Mr. Mailloux but for his attendance at the protest.

69.     Since at least 1968, it has been clearly established by the U.S. Supreme Court that public employees may not be terminated for expressing their opinions on matters of public concern.

70.   Based on the long-established precedent of the U.S. Supreme Court, a reasonable school district superintendent at the time of the events in this case would have known that this was

improper and the perceived unpopularity of a personal or political view is not itself justification to prohibit protected expression.

71.    Mr. Mailloux respectfully prays the Court to grant the equitable and legal relief set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

Mr. Mailloux respectfully requests that this Court enter judgment against Defendants and provide him with the following relief:

### ON ALL CAUSES OF ACTION:

72.    A declaration that the Defendants violated Mr. Mailloux's right to free speech when it fired him;

73.    To grant Mr. Mailloux compensatory damages, including actual, consequential, and incidental financial losses. These shall include – but are not limited to – backpay, benefits (including, but not limited to, medical and dental benefits), and other compensation, plus prejudgment interest;

74.    To grant Mr. Mailloux damages proximately caused by the pain, anguish, embarrassment, and humiliation resulting from the unconstitutional actions taken against him;

75.    To grant Mr. Mailloux non-economic damages in an amount according to proof at trial;

76.    To grant Mr. Mailloux nominal damages;

77.    To grant Mr. Mailloux's counsel attorneys' fees and costs associated with bringing this action in accordance with the law;

78.    To purge every reference to this entire incident—including the District's unconstitutional actions—from Mr. Mailloux's personnel file and employment record;

79.    To reinstate Mr. Mailloux to his former position;

80.    After Mr. Mailloux is reinstated, to permanently enjoin the District from taking any further adverse employment actions against him for attending the protest and for any other future exercise of his First Amendment rights to freedom of speech; and

81.    To grant such other and further relief as the Court may deem proper.

**JURY TRIAL**

Mr. Mailloux demands a trial by jury with respect to all claims so triable.

Respectfully submitted this 4th day of August 2023,

<div style="margin-left: 50%;">

/s/ Katherine I. Hartley
Katherine I. Hartley
State Bar No.: 11837
PACIFIC JUSTICE INSTITUTE
PO Box 2131
Coeur d'Alene, ID 83816
Khartley@pji.org

*Counsel for Plaintiff*

</div>

## **VERIFICATION**

I, Dakota Mailloux, am the Plaintiff in the above-captioned matter. I have read the Verified Complaint and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of Idaho, that the foregoing is true and correct. Executed this _25th_ day of July 2023, in the County of _Shoshone_, Idaho.

_____
Dakota Mailloux