Anne Sullivan Magnelli, ISB No. 9452
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:     (208) 344-5800
Facsimile:     (208) 344-5510
E-Mail: *amagnelli@ajhlaw.com*
          *service@ajhlaw.com*

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

(Northern Division)

| | |
|---|---|
| DAKOTA MAILLOUX,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KELLOGG JOINT SCHOOL DISTRICT, an Idaho public school district; LANCE PEARSON, in both his individual and official capacity as Superintendent of the Kellogg Joint School District; and CORY NORTH, in both his individual and official capacity as Transportation Director of the Kellogg Joint School District,<br><br>　　　　　　Defendants. | Case No.  2:23-cv-00345-CWD<br><br>**DEFENDANTS' ANSWER TO VERIFIED COMPLAINT** |

COME NOW, the above-entitled Defendants KELLOGG JOINT SCHOOL DISTRICT LANCE PEARSON and CORY NORTH (collectively, "Defendants"), by and through their attorneys of record, Anderson, Julian & Hull LLP, and answer the Plaintiff's Verified Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 1

## SECOND DEFENSE

These Defendants deny each and every allegation of the Complaint not herein expressly and specifically admitted.

## INTRODUCTION & NATURE OF THE CASE

1. Regarding Paragraphs 1 through 6 of the Complaint, the allegations are denied and/or denied as phrased.

## PARTIES

2. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 7, with the exception of admitting that Mr. Mailloux was a bus driver for the Kellogg Joint School District.

3. As it relates to Paragraphs 8 and 9 of the Complaint, it is admitted only that Kellogg Joint School District is a political subdivision of the State of Idaho and that it may be sued in this Court.

4. These Defendants admit the allegations of Paragraph 10 of the Complaint.

5. As it relates to the allegations of Paragraph 11 of the Complaint, it is admitted only that Mr. Pearson is the Superintendent of the District. The remainder of the allegations of Paragraph 11 are denied and/or denied as phrased.

6. These Defendants admit the allegations of Paragraphs 12 through 14 of the Complaint.

## JURISDICTION AND VENUE

7. As it concerns Paragraphs 15 through 20 of the Complaint, these Defendants admit only that jurisdiction and venue are proper in the United States District Court for the District of Idaho. All remaining allegations of Paragraphs 17 through 22 are denied for lack of knowledge or

denied as phrased.

## GENERAL ALLEGATIONS

8. These Defendants admit the allegations of Paragraph 21 of the Complaint.

9. Regarding Paragraph 22 of the Complaint, the allegations are denied as phrased.

10. As it relates to the allegations of Paragraph 23 of the Complaint, these Defendants admit only that generally the role of bus driver does not encompass policymaking.

11. These Defendants admit the allegations of Paragraph 24 of the Complaint.

12. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 25 of the Complaint. Further, the characterization of a "close working relationship" is subjective and thus cannot be admitted or denied as phrased.

13. These Defendants deny as phrased the allegations of Paragraph 26 of the Complaint, or are without sufficient knowledge to admit the allegations, which are therefore denied. Specifically, the use of the term "political loyalty" is subjective and cannot be admitted or denied as phrased.

14. As it pertains to Paragraph 27 of the Complaint, these Defendants admit the allegations.

15. As it relates to Paragraph 28 of the Complaint, these Defendants admit only that the Student referred to was suspended and did not walk in the high school graduation ceremony. The remainder of the allegations of Paragraph 28 are denied as phrased. These Defendants specifically deny that the Student was disciplined for the speech.

16. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 29 of the Complaint. Further, these Defendants specifically deny the allegations of Paragraph 29 that the Student was disciplined "harshly for his speech".

17. These Defendants deny the allegations of Paragraph 30 of the Complaint as phrased, in that the District denies that it disciplined the Student for his speech.

18. The allegations of Paragraph 31 are denied as phrased, as what constitutes a "matter of public concern" calls for a legal conclusion and therefore does not require an answer. Further, these Defendants are without knowledge as to whether individuals were "frustrated" and cannot admit or deny the remaining allegations in Paragraph 31 of the Complaint.

19. The allegations of Paragraph 32 are admitted to the extent that individuals were present on District property. As to the remaining allegations in Paragraph 32 of the Complaint, these Defendants are without sufficient knowledge and thus cannot admit or deny.

20. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 33 of the Complaint as phrased, other than to admit Mr. Mailloux was on District property on June 1, 2023, which was a scheduled school day on which bus drivers could be expected to work.

21. With respect to Paragraph 34 of the Complaint, these Defendants are without sufficient knowledge to admit or deny the allegation as phrased. In particular, while it is admitted that Mr. North called Mr. Mailloux, these Defendants are not aware where Mr. Mailloux took the call.

22. These Defendants admit the allegations of Paragraph 35 of the Complaint.

23. These Defendants deny and/or deny as phrased the allegations of Paragraphs 36 through 38 of the Complaint.

24. These Defendants admit in part and deny in part the allegations of Paragraph 39 of the Complaint. These Defendants admit with that Mr. Mailloux was an at-will employee and deny the remaining allegations of Paragraph 39 as phrased.

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 4

25. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 40 of the Complaint.

26. These Defendants can neither admit nor deny the allegations of Paragraph 41 of the Complaint as it is not known whom or what entity may be referred to. It is admitted that the District did not pay Mr. Mailloux to attend a protest.

27. The allegations of Paragraph 42 are denied and/or denied as phrased, as what constitutes an "issue of public concern" calls for a legal conclusion and therefore does not require an answer. Further, with respect to the remaining allegations of Paragraph 42, these Defendants are without knowledge as to Mr. Mailloux's personal motivations and therefore cannot answer.

28. Regarding Paragraph 43 of the Complaint, the allegations are denied and/or denied as phrased.

29. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 44 of the Complaint.

30. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraphs 45 through 46 of the Complaint.

31. These Defendants deny Paragraph 47 of the Complaint. Specifically, that Mr. Mailloux was attending the protest on his own time as a private citizen. Mr. Mailloux was a District employee present on school property on a scheduled school day on June 1, 2023.

32. These Defendants deny the allegations of Paragraph 48 of the Complaint.

33. These Defendants deny the allegations of Paragraph 49. It is specifically denied that these Defendants caused Mr. Mailloux to suffer reputational harm.

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 5

## FIRST CLAIM FOR RELIEF

*Violation of Mr. Mailloux's Free Speech Rights in Violation of* **42 U.S.C. § 1983**

**(*Against All Defendants*)**

34. With respect to the allegations contained in Paragraph 50 of the Complaint, these Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

35. With respect to the allegations contained in Paragraphs 51 through 71 of the Complaint, these Defendants deny the same, and deny that Plaintiff is entitled to the relief he seeks in his First Claim for Relief.

## PRAYER FOR RELIEF

36. With respect to the allegations contained in the Prayer for Relief paragraph of the Complaint, these Defendants deny the allegations and Plaintiff's entitlement to attorney's fees or costs, as well as any damages. These Defendants also deny any and all remaining allegations contained in the Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### THIRD DEFENSE

The allegations contained in the Plaintiff's Complaint do not rise to the level of the deprivation of a federally protected right.

### FOURTH DEFENSE

At all times relevant to the acts alleged in the Complaint, these Defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to the allegations referenced herein were undertaken for legitimate, non-discriminatory and non-retaliatory reasons.

**FIFTH DEFENSE**

Some or all of these Defendants may be entitled to qualified immunity from liability because the acts or omissions complained of, if any, were done by these Defendants in good faith, with honest and reasonable belief such actions were necessary and constitutionally proper.

**SIXTH DEFENSE**

To the extent Plaintiff is asserting state law claims against these Defendants, such causes of action arise out of and stem from activities for which these Defendants are immune, in whole or in part, from liability by virtue of Title VI, Chapter IX, Idaho Code and, therefore, Plaintiff's causes of action in damages seeking recovery under state law are barred in whole or in part by virtue of the provisions of Title VI, Chapter IX Idaho Code.

**SEVENTH DEFENSE**

Plaintiff's state and federal claims may be barred, in whole or in part, by his failure to avail himself of the available administrative remedies and, alternatively, to exhaust his available administrative remedies.

**EIGHTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and latches.

**NINTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the applicable statutes of limitations.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate his damages, if any.

**ELEVENTH DEFENSE**

These Defendants assert the absence of a proximate, causal relationship between these Defendants' conduct and Plaintiff's alleged damages.

**TWELFTH DEFENSE**

These Defendants fully performed any and all duties owed to Plaintiff under applicable law. Plaintiff is therefore barred from asserting any cause of action against these Defendants

**THIRTEENTH DEFENSE**

These Defendants allege that if any of their agents or employees acted negligently, intentionally, willfully, or otherwise tortiously, unlawfully or wrongfully conducted himself, to cause damage to Plaintiff, any such action was beyond the scope of such agent's or agents' employment and was without advance knowledge, authorization, consent or ratification of these Defendants.

**FOURTEENTH DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to allow recovery of exemplary or punitive damages against these Defendants, if such may be claimed in the future.

**FIFTEENTH DEFENSE**

To the extent that Plaintiff's claims against these Defendants are found to be frivolous, vexatious, unreasonable, and/or to have been filed in bad faith, such a finding would justify an award of attorney's fees and costs against Plaintiff in favor of these Defendants.

**SIXTEENTH DEFENSE**

These Defendants assert that to the extent Plaintiff suffered any emotional distress or physical injury (and these Defendants do not admit that Plaintiff suffered such distress or injury),

his emotional distress and alleged physical injury, if any, was proximately caused by factors other than the actions of these Defendants, or anyone acting on these Defendants' behalf.

**SEVENTEENTH DEFENSE**

These Defendants assert that to the extent Plaintiff suffered any emotional distress or physical injury (and these Defendants do not admit that Plaintiff suffered such distress or injury), his emotional distress and alleged physical injury, if any, was not foreseeable as a matter of law.

**EIGHTEENTH DEFENSE**

These Defendants did not cause harm to Plaintiff.

**NINETEENTH DEFENSE**

The claims and damages set forth in the Plaintiff's Complaint may, as to some of the claims, be barred by the doctrine of unclean hands.

**TWENTIETH DEFENSE**

These Defendants are not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any injury caused by the act or omission of another person under the theory of *respondeat superior*.

**TWENTY-FIRST DEFENSE**

Some or all of the acts or omissions complained of by the Plaintiff against these Defendants did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiff of, any civil rights.

**TWENTY-SECOND DEFENSE**

These Defendants cannot be liable in litigation pursuant to Title 42 U.S.C. § 1983, for any claims Plaintiff is making on behalf of third parties.

**TWENTY-THIRD DEFENSE**

These Defendants reserve the right to file and assert any claims they may have for common

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 9

law or statutory subrogation, contribution, or indemnity against any party or non-party.

### TWENTY-FOURTH DEFENSE

To the extent Plaintiff has been compensated by collateral sources, any award should be reduced by the same as provided in Idaho Code § 6-1606.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim for damages is limited to the extent provided for by Idaho Code §§ 6-1603, 6-1604 and 6-1606.

### TWENTY-SIXTH DEFENSE

These Defendants assert that to the extent any information was shared about the Plaintiff to third parties (and these Defendants do not admit that any such information was shared), the disclosure of information, either personally known or contained in the Student's record was in accordance with applicable federal law and in no way retaliatory, malicious, or for another improper motive.

### TWENTY-SEVENTH DEFENSE

These Defendants reserve the right to identify additional defenses as they may become known through discovery.

### DEMAND FOR JURY TRIAL

These Defendants demand a jury trial as to all issues.

### ATTORNEY FEES

These Defendants have been required to retain attorneys in order to defend this action and may be entitled to recover reasonable attorney fees pursuant to state and federal laws and applicable Rules of Civil Procedure.

WHEREFORE, these Defendants pray for judgment against Plaintiff as follows:

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 10

1.	That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereunder.

2.	That these Defendants be awarded their costs, including reasonable attorney fees pursuant to the applicable Idaho and Federal Rules of Civil Procedure and statutory and/or code sections.

3.	That judgment be entered in favor of these Defendants on all claims for relief.

4.	For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 10th day of October, 2023.

ANDERSON, JULIAN & HULL LLP


By: */s/ Anne Sullivan Magnelli*
Anne Sullivan Magnelli, Of the Firm
Attorneys for Defendants

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October, 2023, I served a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO VERIFIED COMPLAINT** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | |
|---|---|
| Katherine I. Hartley | [ ]  U.S. Mail, postage prepaid |
| PACIFIC JUSTICE INSTITUTE | [ ]  Hand-Delivered |
| P.O. Box 2131 | [ ]  Overnight Mail |
| Coeur d'Alene, ID  83816 | [ ]  Facsimile |
| T:  858-945-6924 | [ ]  Email |
| E:  khartley@pji.org | [**X**]  CM/ECF System |
| *Attorneys for Plaintiff* | |

　　　　　　　　　　　　　　　　　　　　　*/s/ Anne Sullivan Magnelli*
　　　　　　　　　　　　　　　　　　　　　　Anne Sullivan Magnelli

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 12